IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA N. PEACOCK,

    Plaintiff,

v.                                                       Civ. No. 19-942 MV/GBW

LEA COUNTY DETENTION CENTER,
*all administrators and staff*,

    Defendants.

## ORDER DENYING MOTION TO DEFER FEES

THIS MATTER is before the Court on the letter request filed by Plaintiff Joshua N. Peacock to be relieved of the obligation to make an initial partial payment of the filing fee or defer payment of the fee until 2023. *Doc. 5*. On October 8, 2019, the Court granted Plaintiff Peacock leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and, based on the information contained in his six-month inmate account statement, ordered him to make an initial partial payment of $15.68 within thirty days or show cause why the payment should be excused. *Doc. 4*. Instead of making the initial partial payment, Peacock filed a request asking "that fees be disregarded permanently or that payments start being made no earlier than August 1, 2023." *Doc. 5*.

The *in forma pauperis* statute, 28 U.S.C. § 1915 provides:

[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court **shall**

> **assess** and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> > (A) the average monthly deposits to the prisoner's account; or
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1) (emphasis added). The six-month inmate account statement submitted by Plaintiff Peacock demonstrated that he is financially able to pay the initial partial filing fee of $15.68, but that he spends his money on prison commissary purchases. *Doc. 2* at 3–9. "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers*, 9 F. App'x 947, 949 (10th Cir. 2001). The Court's October 8, 2019 Order requires Plaintiff Peacock to make the $15.68 partial payment or show cause why he should be relieved of the obligation. *See doc. 4*. Plaintiff Peacock's letter request is not sworn under penalty of perjury, and states no more than that he is "an indigent individual at the times of incidents who is still currently incarcerated." *See doc. 5*. His letter request does not establish cause why he should be excused from making the initial partial payment or paying the full filing fee in installment payments.

The Court will deny Plaintiff Peacock's request to defer the filing fee payments and will order Plaintiff Peacock to comply with the Court's October 8, 2019 Order. If

Plaintiff Peacock fails to comply with the October 8, 2019 Order or with this Order, the Complaint may be dismissed without further notice.

IT IS HEREBY ORDERED that Plaintiff Joshua N. Peacock's letter request to defer fees (*doc. 5*) is **DENIED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE